**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 6, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10909
Summary Calendar

_____

JESSE RANCE SLEDGE,

                                        Plaintiff-Appellant,

versus

DAWSON STATE JAIL; J.C. CONNERS, Director of MTC; WARDEN KEETON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-202-R
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jesse Rance Sledge, inmate # 531827 of the Dawson State

Jail (the Jail), appeals the district court's dismissal of his

42 U.S.C. § 1983 civil rights action against the Jail, Warden C.

Keeton, and prison administrator J.C. Conners, for failure to

state a claim.  We AFFIRM.

     In his complaint, Sledge alleged that for ten days after his

arrival at the Jail, he did not receive a medical examination or

--------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his diabetes medication.  Sledge also alleged that (1) the Jail provides insufficient food, which is served unsanitarily and cold; (2) the living area is overcrowded and dirty; (3) the toilet and shower areas are very dirty and smelly; (4) there are no porters, mops, or brooms; and (5) the jail has failed to adopt grievance procedures.

Based on the complaint and a questionnaire to which Sledge provided answers, the magistrate judge filed a report recommending dismissal of the action for failure to state a claim.  After de novo review, the district court adopted the report and dismissed the action with prejudice.

The district court held that Sledge failed to state a claim against the Jail because he failed to show that the Jail sanctioned or approved the alleged conduct or practices and because it cannot be held vicariously liable.  See Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996).  The court held that Sledge failed to state a claim against Keeton and Conners because he failed to state facts showing that they were personally involved and because they, too, cannot be held vicariously liable.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Sledge has not adverted to these rulings in his brief. By failing to brief the relevant issues, Sledge has in effect abandoned any contention that the district court erred by

dismissing his action for failure to state a claim.  See <u>Al-Ra'id v. Ingle</u>, 69 F.3d 28, 33 (5th Cir. 1995); <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, he is not entitled to relief.

AFFIRMED.